DWIGHT M. SAMUEL (CA SB# 054486)
A Professional Corporation
117 J Street, Suite 202
Sacramento, California 95814-2282
DwightSamuelAtty@Yahoo.com
(916) 447-1193

Attorney for Defendant
MARIO HERNANDEZ-GARCIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-CR-392 JAM |
| Plaintiff, | **STIPULATION AND ORDER REGARDING COMPETENCY ISSUES RAISED BY THE COURT** |
| v. | |
| MARIO HERNANDEZ-GARCIA, | Date: 10/15/2013 |
| Defendant. | Time: 9:45 AM Courtroom 6 (JAM) |

Based upon the Court's order both parties have researched issues raised by the Court.

1. Does the language of 18 USC § 4241(d) mandate institutionalization of Mr. Mario Hernandez-Garcia to determine if he may in time be restored to a state of competency?

2. Does the court have the inherent power to dismiss the case over the government's objections?

3. What are the procedures should the defendant not be restored to competency?

**A. The Statute Mandates Commitment**

18 USC § 4241(d) is mandatory, Case law supports this even if the end result appears that the defendant may not be restored to competency. *United States v. Millard-Grasshorn,* 603 F.3d. 492, (8th Cir. 2010) ("when a finding of mental incompetence is made after the competency

1

hearing mandated by § 4241(a), the defendant must be committed under § 4241(s) for a restoration-of-competency evaluation, even if there is evidence that his condition can never improve." *United States v. Ferro,* 321 F.3d 756, 761 (8th Cir.), cert. denied, 540 U.S. 878 (2003)

Section 4241(d) of the statute reads:

[T]he Court shall commit the defendant to the custody of the Attorney General . . . [who] shall hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

Counsel also respectfully directs the Court to *United States v. Strong,* 489 F.3d 1055 (9th Cir. 2007) *Strong* makes it clear that for the limited time directed that Mr. Hernandez-Garcia's custody status is not a violation of his due process rights, and as such, the placement is mandatory. The parties believe that the Court does not have discretion to not commit the defendant. The parties jointly move the Court to commit Mr. Hernandez-Garcia pursuant to the statute.

**B. The Court Does Not Have Inherent Authority to Dismiss this Indictment**

The parties do not believe that the Court in its inherent supervisory power can dismiss this indictment sua sponte. There is limited power of the Court to dismiss indictments. "The Ninth Circuit has held that dismissal of an indictment is inappropriate 'absent flagrant and prejudicial prosecution misconduct.'" *United States v. Jacobs,* 885 F.2d 652, 655 (9th Cir. 1988). The Ninth Circuit has subsequently held that a court's supervisory powers may extend beyond those three reasons enumerated in *Simption. United States v. W.R. Grace,* 526 F.3d 499, 511 n.9 (9th Cir. 2008) (recognizing the abrogation of Simpson). The Supreme Court has approved other powers of the Court. *See, Chambers v. NASCO, Inc.,* 501 U.S. 32, 46, (1991) (district courts have inherent power to punish bad-faith conduct by awarding attorneys' fees to the other side); *Thomas v. Arn,* 474 U.S. 140, 142, 146-47, (1985) (circuit courts have inherent power to establish a rule that "the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment"). In *United States v. Richter,* 488 F.2d 170, 173-74 (9th Cir. 1973), district courts have

2

the inherent power to "order the government to divulge names of prospective witnesses." Neither party found a case that permitted a district court to dismiss an indictment based on the lack of competency of the defendant.

### C. The Procedures Pursuant to 18 USC § 4246

The parties will be prepared to follow the procedures in § 4246 should the defendant not be restored to competency. If treatment does not render the defendant competent, and there is no substantial probability of future competence, he or she may be civilly committed under 18 USC § 4246. *See United States v. Rivera-Guerrero,* 426 F.3d 1130 (9th Cir. 2005).

It is hereby stipulated between defendant Mario Hernandez-Garcia through his undersigned counsel Dwight M. Samuel, and the Assistant United States Attorney, Jill Thomas, that the parties agree that the Court must commit the defendant upon the finding of incompetency as prescribed by law set forth in 18 USC § 4241(d).

So stipulated,

Date: October 7, 2013                               */s/ Dwight M. Samuel*
                                                    Dwight M. Samuel
                                                    Attorney for Defendant
                                                    MARIO HERNANDEZ-GARCIA


Date: October 7, 2013                               */s/*_____
                                                    Assistant U.S. Attorney
                                                    Jill Thomas


IT IS SO ORDERED.

Dated: 10/8/2013                                    /s/ John A. Mendez_____
                                                    Honorable Judge John A. Mendez
                                                    United States District Court Judge